FILED

AUG 2 8 2017

CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH DAKOTA
## SOUTHERN DIVISION

| | |
|---|---|
| Colonial Funding Network, Inc., | Case No. 17-cv- 4119 |
| Plaintiff, | |
| vs. | COMPLAINT |
| Genuine Builders, Inc. d/b/a Genuine Builders, Jim Bunker Construction Co., and GBI; Genuine Builders, LLC d/b/a Genuine Builders and Jim Bunker Construction Co.; Genuine Builders Concrete, LLC; Southern Missouri Contracting, LLC; JB Concrete Co.; Midwest Poured Foundations, Inc. d/b/a Midwest Poured Foundation; Falls Flatwork, LLC d/b/a Falls Flatwork; JPB Properties, LLC; Waters Edge Concrete, LLC d/b/a Waters Edge Concrete; and James Paul Bunker, | |
| Defendants. | |

Plaintiff, Colonial Funding Network, Inc. ("Colonial" or "Plaintiff"), as servicing provider for Strategic Funding Source, Inc. ("SFS") and Direct Merchants Funding, LLC, doing business as Flash Advance ("DMF"), by and through its attorneys, Eric C. Schulte, and Davenport, Evans, Hurwitz & Smith, LLP, for its Complaint against Genuine Builders, Inc. d/b/a Genuine Builders, Jim Bunker Construction Co., and GBI; Genuine Builders, LLC d/b/a Genuine Builders and Jim Bunker Construction Co.; Genuine Builders Concrete, LLC; Southern Missouri Contracting, LLC; JB Concrete Co.; Midwest Poured Foundations, Inc. d/b/a Midwest Poured Foundation; Falls Flatwork,

1

LLC d/b/a Falls Flatwork; JPB Properties, LLC; Waters Edge Concrete, LLC d/b/a Waters Edge Concrete; and James Paul Bunker, (hereinafter collectively referred to as "Defendants" and each individually referred to as a "Defendant") states and alleges with knowledge respecting its own actions and otherwise upon information and belief, as follows:

## INTRODUCTION

1.      From June 23, 2016 to January 12, 2017, SFS and DMF entered into a total of six (6) separate funding transactions involving one or more of the Defendants with initial funding amounts totaling $1,760,000.  Prior to any funding being issued to Defendants, Plaintiff conducted a site visit to assure itself that the Defendant entities were legitimate, existing businesses, with a physical office and employees. Additionally, Plaintiff conducted a background check on James Bunker, the owner of each of the Defendant entities.   In addition to the required paperwork associated with each of the six (6) funding transactions at issue, Plaintiff verified material terms of each such transaction in a recorded "Funding Call" with James Bunker prior to any funds being disbursed to any of the Defendants.

2.      Pursuant to their respective contracts with the Defendants, Plaintiff would collect weekly payments via ACH debits to the Defendants' bank accounts.  In this manner, Defendants paid Plaintiff over $1,161,567 owed to Plaintiff pursuant to the contracts at issue.  Abruptly, however, Defendants' payments stopped in or about January 24-30, 2017 by instructing their bank not to honor the agreed upon ACH debits. At the time Defendants ceased making payments, approximately $1,158,932 in total

2

unpaid balances remained outstanding, exclusive of approximately $46,810 in unpaid fees that are also owed.

3.      Despite making payment on some of these transactions for many months, Defendants advised Plaintiff that they disputed the validity of each of the transactions at issue on grounds that all signed documents supporting these transactions had been forged by an individual who did not have authority to sign on behalf of James Bunker. Through a series of subsequent communications, it was discovered that Defendants claim the allegedly forged documents had been signed by James Bunker's sister, Sandra Tawzwer, who had been working as the controller (*i.e.*, an officer) of one or more of the Defendant entities.  Plaintiff has been informed by a Special Agent working with the Division of Criminal Investigation for the State of South Dakota, that Sandra Tawzer possesses a criminal history that includes financial crimes that predates her employment by the Defendant entities.

4.      Sandra Tawzwer was an authorized agent for each of the Defendants. Alternatively, she possessed apparent authority to act on behalf of each Defendant.  To the extent the allegations of forgery are proven, Defendants nevertheless ratified Sandra Tawzer's conduct by, among other things: (A) making payments under the contracts at issue—sometimes for many weeks, or even months; (B) waiting an unreasonably long period of time to inform Plaintiff that the contracts at issue were procured through fraud; and/or (C) allowing Sandra Tawzer to act in concert with others employed by one or more of the Defendants to conduct business on behalf of those Defendant entities that are now belatedly disclaiming the actions of their employees.

3

5.      Plaintiff attempted to negotiate a resolution with the Defendants. Despite unequivocal evidence they received the over $1,158,932 at issue, Defendants are unwilling to make any payments to Plaintiff or even to acknowledge that one or more of them owe Plaintiff any sum of money.

## THE PARTIES

6.      Plaintiff, Colonial Funding Network, Inc., as servicing provider for SFS and DMF, is a Virginia corporation with its principal place of business in Williamsburg, Virginia.

7.      Strategic Funding Source, Inc. ("SFS") is a corporation under the laws of New York State and has its principal place of business in New York, New York. SFS engaged in providing financing for small businesses that have a need for working capital that they cannot obtain through traditional banks due to the high risks associated with such loans.

8.      Direct Merchants Funding, LLC, doing business as Flash Advance, ("DMF") is a Florida limited liability company with its principal place of business located in Miami, Florida. Each member of DMF is a resident and citizen of Florida. DMF is engaged in providing financing for small businesses that have a need for working capital that they cannot obtain through traditional banks due to the high risks associated with such loans.

9.      Defendant Genuine Builders, Inc., d/b/a Genuine Builders, Jim Bunker Construction Co. and GBI, is a South Dakota corporation engaged in the construction industry with its principal place of business located in Arlington, South Dakota. Genuine Builders, Inc. is 100% owned by Defendant James Bunker.

4

10.     Genuine Builders, LLC, d/b/a Genuine Builders and Jim Bunker Construction Co., is a South Dakota limited liability company engaged in the construction industry with its principal place of business located in Arlington, South Dakota. Genuine Builders, LLC filed Articles of Termination with the South Dakota Secretary of State on or about November 17, 2000, and the Secretary of State issued a Termination for Genuine Builders, LLC on or about December 26, 2000. Genuine Builders, LLC is 100% owned by Defendant James Bunker and David J. Gilbertson. David J. Gilbertson is a citizen of the State of South Dakota residing in Arlington, South Dakota. Despite its apparent attempt to terminate, Genuine Builders, LLC continues in business as evidence by it securing financing from SFS and DMF.

11.     Genuine Builders Concrete, LLC is a South Dakota limited liability company engaged in the construction industry with its principal place of business located in Arlington, South Dakota. Genuine Builders Concrete, LLC is 100% owned by Defendant James Bunker and Jordan Warne. Jordan Warne is a citizen of the State of South Dakota residing in Volga, South Dakota. Information on the South Dakota Secretary of State's website indicates that Articles of Termination were filed on or about November 17, 2000 and that Genuine Builders, LLC was terminated on or about December 26, 2000. Despite its apparent attempt to terminate, Genuine Builders Concrete, LLC continues in business as evidenced by it securing financing from SFS and DMF.

12.     Southern Missouri Contracting, LLC is a Missouri limited liability company engaged in the construction industry with its principal place of business located in Marston, Missouri. Southern Missouri Contracting, LLC filed Articles of Termination

5

signed by James Bunker with the Secretary of State for the State of Missouri on or about July 27, 2017, but is still identified by the South Dakota Secretary of State as being in good standing.   Southern Missouri Contracting, LLC is 100% owned by Defendant James Bunker.  Southern Missouri Contracting, LLC provided no notice to Plaintiff, SFS and/or DMF that it was attempting to terminate its existence as a business.

13.    JB Concrete Co. is a Texas Corporation engaged in the construction industry with its principal place of business located in Arlington, South Dakota.  JB Concrete Co. is 100% owned by Defendant James Bunker.

14.    Midwest Poured Foundations, Inc. d/b/a Midwest Poured Foundation is a South Dakota corporation engaged in the construction industry with its principal place of business located in Arlington, South Dakota.   James Bunker signed Articles of Dissolution filed with the Secretary of State for the State of South Dakota on or about July 24, 2017, and the Secretary of State issued a Certificate of Dissolution on or about July 31, 2017. Midwest Poured Foundations, Inc. is 100% owned by Defendant James Bunker.  Midwest Poured Foundations, Inc. provided no notice to Plaintiff, SFS and/or DMF that it was attempting to dissolve its business.

15.    Falls Flatwork, LLC d/b/a Falls Flatwork is a South Dakota limited liability company engaged in the construction industry with its principal place of business located in Arlington, South Dakota.  On or about May 3, 2017, James Bunker signed Articles of Termination filed with the South Dakota Secretary of State on behalf of Falls Flatworks, LLC, and the Secretary of State issued a Certificate of Termination on or about May 22, 2017.  Falls Flatwork, LLC is 100% owned by Defendant James Bunker.

6

Falls Flatwork, LLC provided no notice to Plaintiff, SFS and/or DMF that it was attempting to terminate its existence as a business.

16.     JPB Properties, LLC is a South Dakota limited liability company engaged in the construction industry with its principal place of business located in Arlington, South Dakota.  JPB Properties, LLC is 100% owned by Defendant James Bunker.

17.     Waters Edge Concrete, LLC d/b/a Waters Edge Concrete is a South Dakota limited liability company engaged in the construction industry with its principal place of business located in Arlington, South Dakota.  James Bunker signed Articles of Termination on behalf of Waters Edge Concrete, LLC filed with the South Dakota Secretary of State on or about March 27, 2017, and the South Dakota Secretary of State issued a Certificate of Termination on or about April 4, 2017.  Waters Edge Concrete, LLC is 100% owned by Defendant James Bunker.  Waters Edge Concrete, LLC provided no notice to Plaintiff, SFS, and/or DMF that it was attempting to terminate its existence as a business.

18.     James Paul Bunker is an individual who is a citizen of the State of South Dakota and resides in Arlington, South Dakota.  He signed guaranties in favor of SFS and DMF with respect to each financing transaction identified below.

### JURISDICTIONAL STATEMENT

19.     This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between Plaintiff and Defendants because Plaintiff is a citizen of Virginia, and the entities for whom Plaintiff is a service provider

7

are citizens of New York and Florida, while the Defendants are citizens of states other than those states.

20.     Venue is proper in this District under 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to the claims herein occurred in this District.

**FACTS**

21.     An overview of the transactions at issues is summarized as follows:

**Contract No. XXX6462**

22.     On June 22, 2016 SFS entered into a Revenue Based Factoring (RBF/ACH) Agreement, Security Agreement and Guaranty with:  (1) Genuine Builders, Inc.; (2) Genuine Builders, LLC; (3) Genuine Builders Concrete, LLC; (4) Southern Missouri Contracting, LLC; (5) JB Concrete Co.; and (6) Jim Bunker Construction Co., with James Bunker signing these documents both as a guarantor and a corporate representative of the "Merchant."  A true and correct copy of Contract No. XXX6462 is attached hereto as **EXHIBIT 1**.

23.     Contract No. XXX6462 was supported by adequate consideration and is enforceable.

24.     The Defendants who are parties to Contract No. XXX6462 promised and otherwise agreed to sell, assign and transfer to SFS, for a purchase price of $650,000, all of their future receipts, accounts, contract rights and other obligations arising from or relating to the payment of monies from their customers and/or other third party payors (collectively the "Receipts" defined as all payments made by cash, check, electronic transfer or other form of monetary payment in the ordinary course of these Defendants'

8

business) until such time as the "Receipts Purchased Amount" of $851,500 had been delivered by them to SFS.

25.    On June 23, 2016, as an for the agreed upon purchase price for the Receipts, and pursuant to Contract No. XXX6462, Plaintiff deposited $650,000, minus applicable fees, into a Citizens State Bank account belonging to one or more of these Defendants and having an account number ending in –851.  This financing occurred only after a Funding Call during which James Bunker acknowledged the material terms of the parties' agreement and promised on behalf of the Defendants receiving the funds to honor those terms.

26.    Thereafter, the Defendants who are parties to Contract No. XXX6462 made weekly payments and repaid $489,159.54 to Plaintiff with funds obtained from the Citizens State Bank account ending with the number –851.

27.    Plaintiff last obtained a weekly payment on Contract No. XXX6462 as of approximately January 19, 2017.  An ACH debit was attempted on January 24, 2017 but was unsuccessful.

28.    A balance remains on Contract No. XXX6462 of approximately $362,340.46, not including fees of approximately $7,895.

29.    The Defendants who are parties to Contract No. XXX6462 have materially breached a number of its terms, including several of the representations, warranties, and covenants contained in the contract.

30.    Defendants who are parties to Contract No. XXX6462 were notified that they were in breach and a demand for payment was made.

31.     As part of the financing transaction involving Contract No. XXX6462, James Bunker personally guaranteed the full performance of all of the representations, warranties, and covenants made by the Defendants signing this contract as merchants.

32.     As of this date Defendants who are parties to Contract No. XXX6462, including James Bunker, refuse to honor their contractual obligations.

33.     These Defendants are jointly and severally liable for their breaches of Contract No. XXX6462.

**Contract Nos. XXX2252 & XXX4102**

34.     On August 24, 2016 SFS entered into a Revenue Based Factoring (RBF/ACH) Agreement, Security Agreement and Guaranty with: (1) Genuine Builders, Inc.; (2) Genuine Builders, LLC; (3) Genuine Builders Concrete, LLC; (4) Southern Missouri Contracting, LLC; (5) JB Concrete Co.; and (6) JPB Properties, LLC, with James Bunker signing these documents both as a guarantor and a corporate representative of the "Merchant." A true and correct copy of that Contract No. XXX2252 is attached hereto as **EXHIBIT 2**.

35.     Contract No. XXX2252 was supported by adequate consideration and is enforceable.

36.     The Defendants who are parties to Contract No. XXX2252 promised and otherwise agreed to sell, assign and transfer to SFS, for a purchase price of $200,000, all of their future receipts, accounts, contract rights and other obligations arising from or relating to the payment of monies from their customers and/or other third party payors (collectively the "Receipts" defined as all payments made by cash, check, electronic transfer or other form of monetary payment in the ordinary course of these Defendants'

10

business) until such time as the "Receipts Purchased Amount" of $262,000 had been delivered by them to SFS.

37.     On August 25, 2016, as an for the agreed upon purchase price for the Receipts, and pursuant to Contract No. XXX2252, SFS deposited $200,000, minus applicable fees, into a Citizens State Bank account belonging to one or more of these Defendants and having an account number ending in –851.  This financing occurred only after a Funding Call during which James Bunker acknowledged the material terms of the parties' agreement and promised on behalf of the Defendants receiving the funds to honor those terms.

38.     Thereafter, the Defendants who signed Contract No. XXX2252 made weekly payments and repaid $247,263.00 to Plaintiff with funds obtained from the Citizens State Bank account ending with the number –851 as well as from a Pacific Western Bank account belonging to one or more of these Defendants and having as account number ending in –805.

39.     On October 18, 2016 SFS entered into a Revenue Based Factoring (RBF/ACH) Agreement, Security Agreement and Guaranty with:  (1) Genuine Builders, Inc.; (2) Genuine Builders, LLC; (3) Genuine Builders Concrete, LLC; (4) Southern Missouri Contracting, LLC; (5) JB Concrete Co.; and (6) JPB Properties, LLC, with James Bunker signing these documents both as a guarantor and a corporate representative of the "Merchant."  A true and correct copy of that Contract No. XXX4102 is attached hereto as **EXHIBIT 3**.  Contract No. XXX4102 was a renewal of Contract No. XXX2252.

40.     Contract No. XXX4102 was supported by adequate consideration and is enforceable.

41.     The Defendants who are parties to Contract No. XXX4102 promised and otherwise agreed to sell, assign and transfer to SFS, for a purchase price of $400,000, all of their future receipts, accounts, contract rights and other obligations arising from or relating to the payment of monies from their customers and/or other third party payors (collectively the "Receipts" defined as all payments made by cash, check, electronic transfer or other form of monetary payment in the ordinary course of these Defendants' business) until such time as the "Receipts Purchased Amount" of $524,000 had been delivered by them to SFS.

42.     On or about October 18, 2016, as an for the agreed upon purchase price for the Receipts, and pursuant to Contract No. XXX4102, Plaintiff deposited $400,000, minus applicable fees, into a Citizens State Bank account belonging to one or more of the Defendants who are parties to Contract No. XXX4102 and having an account number ending in –851.

43.     Thereafter, the Defendants who signed Contract No. XXX4102 made weekly payments and repaid $327,105.00 to Plaintiff with funds obtained from the Citizens State Bank account ending with the number –851.

44.     Plaintiff last obtained a weekly payment on Contract No. XXX4102 and/or Contract No. XXX2252 as of approximately no later than January 17, 2017.  An ACH debit was attempted on or about January 26, 2017 but was unsuccessful.

45.     A balance remains on Contract No. XXX4102 of approximately $196,895.00, not including fees of approximately $7,895.

46.     A balance remains on Contract No. XXX2252 of approximately $14,737.00, not including fees of approximately $7,500.

47.     The Defendants who are parties to Contract Nos. XXX2252 and XXX4102 have materially breached a number of the terms in those contracts, including several of the representations, warranties, and covenants contained in those contracts.

48.     Defendants who are parties to Contract Nos. XXX2252 and XXX4102 were notified that they were in breach and a demand for payment was made.

49.     As part of these financing transactions involving Contract Nos. XXX2252 and XXX4102, James Bunker personally guaranteed the full performance of all of the representations, warranties, and covenants made by the Defendants signing those contracts as merchants.

50.     As of this date, Defendants who are parties to Contract Nos. XXX2252 and XXX4102, including James Bunker, refuse to honor their contractual obligations.

51.     Those Defendants are jointly and severally liable for their breaches of Contract Nos. XXX2252 and XXX4102.

**Contract No. XXX0622**

52.     On November 14, 2016 SFS entered into a Revenue Based Factoring (RBF/ACH) Agreement, Security Agreement and Guaranty with: (1) Midwest Poured Foundations, Inc., with James Bunker signing these documents both as a guarantor and a corporate representative of the "Merchant." A true and correct copy of Contract No. XXX0622 is attached hereto as **EXHIBIT 4**.

53.     Contract No. XXX0622 was supported by adequate consideration and is enforceable.

13

54.     The Defendants who are parties to Contract No. XXX0622 promised and otherwise agreed to sell, assign and transfer to SFS, for a purchase price of $60,000, all of their future receipts, accounts, contract rights and other obligations arising from or relating to the payment of monies from their customers and/or other third party payors (collectively the "Receipts" defined as all payments made by cash, check, electronic transfer or other form of monetary payment in the ordinary course of these Defendants' business) until such time as the "Receipts Purchased Amount" of $84,000 had been delivered by them to SFS.

55.     On or about November 15, 2016, as an for the agreed upon purchase price for the Receipts, and pursuant to Contract No. XXX0622, Plaintiff deposited $60,000, minus applicable fees, into a First Bank & Trust account belonging to one or more of these Defendants and having an account number ending in –436.   This financing occurred only after a Funding Call during which James Bunker acknowledged the material terms of the parties' agreement and promised on behalf of the Defendants receiving the funds to honor those terms.

56.     Thereafter, the Defendants who are parties to Contract No. XXX0622 made weekly payments and repaid $25,965.00 to Plaintiff with funds obtained from the First Bank & Trust account ending with the number –436.

57.     SFS last obtained a weekly payment on Contract No. XXX0622 as of approximately January 27, 2017.   Subsequent ACH debits were attempted but was unsuccessful.

58.     A balance remains on Contract No. XXX0622 of approximately $54,035.00, not including fees of approximately $7,850.

14

59.     The Defendants who are parties to Contract No. XXX0622 have materially breached a number of its terms, including several of the representations, warranties, and covenants contained in the contract.

60.     Defendants who are parties to Contract No. XXX0622 were notified that they were in breach and a demand for payment was made.

61.     As part of this financing transaction, James Bunker personally guaranteed the full performance of all of the representations, warranties, and covenants made by the Defendants signing Contract No. XXX0622 as merchants.

62.     As of this date Defendants who are parties to Contract No. XXX0622, including James Bunker, refuse to honor their contractual obligations.

63.     These Defendants are jointly and severally liable for their breaches of Contract No. XXX0622.

**Contract No. XXX1352**

64.     On December 1, 2016 DMF entered into a Revenue Based Factoring (RBF/ACH) Agreement, Security Agreement and Guaranty with:  (1) Falls Flatwork; (2) Genuine Builders, Inc.; (3) Genuine Builders, LLC; (4) Genuine Builders Concrete, LLC; (5) Southern Missouri Contracting, LLC; (6) JB Concrete Co.; (7) JPB Properties, LLC; and (8) Midwest Poured Foundations, Inc., with James Bunker signing these documents both as a guarantor and a corporate representative of the "Merchant."   A true and correct copy of Contract No. XXX1352 is attached hereto as **EXHIBIT 5**.

65.     Contract No. XXX1352 was supported by adequate consideration and is enforceable.

66.     The Defendants who are parties to Contract No. XXX1352 promised and otherwise agreed to sell, assign and transfer to DMF, for a purchase price of $300,000, all of their future receipts, accounts, contract rights and other obligations arising from or relating to the payment of monies from their customers and/or other third party payors (collectively the "Receipts" defined as all payments made by cash, check, electronic transfer or other form of monetary payment in the ordinary course of these Defendants' business) until such time as the "Receipts Purchased Amount" of $393,000 had been delivered by them to DMF.

67.     In connection with this financing transaction Falls Flatwork submitted a signed and notarized "Member's Certificate for LLC" whereby James Bunker, as the sole Managing Member of that entity, specifically authorized the company to obtain financing.

68.     On or about December 2, 2016, as an for the agreed upon purchase price for the Receipts, and pursuant to Contract No. XXX1352, Plaintiff  deposited $300,000, minus applicable fees, into a Citizens State Bank account belonging to one or more of these Defendants and having an account number ending in –851.   This financing occurred only after a Funding Call during which James Bunker acknowledged the material terms of the parties' agreement and promised on behalf of the Defendants receiving the funds to honor those terms.

69.     Thereafter, the Defendants who are parties to Contract No. XXX1352 made weekly payments and repaid $58,950.00 to Plaintiff with funds obtained from the ` Citizens State Bank account ending with the number –851.

70.     Plaintiff last obtained a weekly payment on Contract No. XXX1352 as of approximately January 23, 2017.  A subsequent ACH debit was attempted but was unsuccessful.

71.     A  balance  remains  on  Contract  No.  XXX1352  of  approximately $334,050.00, not including fees of approximately $7,895.

72.     The Defendants who are parties to Contract No. XXX1352 have materially breached a number of its terms, including several of the representations, warranties, and covenants contained in the contract.

73.     Defendants who are parties to Contract No. XXX1352 were notified that they were in breach and a demand for payment was made.

74.     As part of this financing transaction, James Bunker personally guaranteed the full performance of all of the representations, warranties, and covenants made by the Defendants signing Contract No. XXX1352 as merchants.

75.     As of this date Defendants who are parties to Contract No. XXX1352, including James Bunker, refuse to honor their contractual obligations.

76.     These Defendants are jointly and severally liable for their breaches of Contract No. XXX1352.

**Contract No. XXX0182**

77.     On January 12, 2017 SFS entered into a Loan Agreement and Security Agreement with Waters Edge Concrete, LLC, that included a personal guaranty from James Bunker, who signed these documents both as a guarantor and a corporate representative of Waters Edge Concrete, Inc.  A true and correct copy of Contract No.

17

XXX0182 is attached hereto as **EXHIBIT 6**. James Bunler's signatures, appearing on pages 10, 11 and 14 of the contract, were notarized on each of those pages.

78.　　Contract No. XXX0182 was supported by adequate consideration and is enforceable.

79.　　Pursuant to Contract No. XXX0182, Waters Edge Concrete, LLC promised and agreed to repay a principal amount of $150,000, plus $60,000 in interest for a total repayment amount of $210,000 in 16 weekly payments of $13,125 over a 4 month period.

80.　　Pursuant to Contract No. XXX0182 the principal amount of $150,000, minus fees, was advanced on January 13, 2017 to Waters Edge Concrete, LLC's bank account at Richland State Bank ending with the number –813.  This financing occurred only after a Funding Call during which James Bunker acknowledged the material terms of the parties' agreement and promised on behalf of the Defendants receiving the funds to honor those terms.

81.　　Waters Edge Concrete, LLC made one payment of $13,125 from its bank account at Richland State Bank ending with the number –813 on January 24, 2017, and then ceased making payments as required under Contract No. XXX0182.

82.　　A balance remains on Contract No. XXX0182 of approximately $196,875.00, not including fees of approximately $7,775.

83.　　Waters Edge Concrete, LLC materially breached Contract No. XXX0182 with respect to a number of its terms, including several of the representations, warranties, and covenants contained in that contract.

84. Waters Edge Concrete, LLC was notified that it was in breach of Contract No. XXX0182, and a demand for payment was made.

85. As part of this financing transaction, James Bunker personally guaranteed the full payment and performance of all of the representations, warranties, and covenants made by Waters Edge Concrete, LLC.

86. Plaintiff demanded that James Bunker honor the terms of his guaranty.

87. As of this date Waters Edge Concrete, LLC and James Bunker refuse to honor their contractual obligations under Contract No. XXX0182.

88. These Defendants who signed Contract No. XXX0182 are jointly and severally liable for their breaches of that contract.

## COUNT ONE
### (Breach of Contract XXX6462)

89. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

90. SFS entered into Contract No. XXX6462, attached hereto as Exhibit 1, with: (1) Genuine Builders, Inc.; (2) Genuine Builders, LLC; (3) Genuine Builders Concrete, LLC; (4) Southern Missouri Contracting, LLC; (5) JB Concrete Co.; and (6) Jim Bunker Construction Co., with James Bunker signing these documents both as a guarantor and a corporate representative of the "Merchant." This is a valid and enforceable contract.

91. The Defendants who are parties to Contract No. XXX6462 materially breached a number its terms, including several of the representations, warranties, and covenants contained in the contract.

92. Additionally, James Bunker has materially breached his guaranty obligations under this contract.

19

93.     Plaintiff and SFS have fully complied with all of their obligations under Contract No. XXX6462.

94.     As a direct and proximate result of those breaches, Plaintiff has been damaged in an amount to be determined at trial but which exceeds $370,235, not including costs, attorney's fees, and interests from the date of default through entry of judgment herein, all of which Plaintiff is entitled to under Contract No. XXX6462 and applicable law.

## COUNT TWO
### (Breach of Contract XXX2252 & XXX4102)

95.     Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

96.     SFS entered into Contract No. XXX2252, attached hereto as Exhibit 2, with:   (1) Genuine Builders, Inc.; (2) Genuine Builders, LLC; (3) Genuine Builders Concrete, LLC; (4) Southern Missouri Contracting, LLC; (5) JB Concrete Co.; and (6) JPB Properties, LLC, with James Bunker signing these documents both as a guarantor and a corporate representative of the "Merchant."   This is a valid and enforceable contract.

97.     The Defendants who are parties to Contract No. XXX2252 materially breached a number its terms, including several of the representations, warranties, and covenants contained in the contract.

98.     Additionally, James Bunker has materially breached his guaranty obligations under this contract.

99.     Plaintiff and SFS have fully complied with all of their obligations under Contract No. XXX2252.

100.   SFS entered into Contract No. XXX4102, attached hereto as <u>Exhibit 3</u>, with:  (1) Genuine Builders, Inc.; (2) Genuine Builders, LLC; (3) Genuine Builders Concrete, LLC; (4) Southern Missouri Contracting, LLC; (5) JB Concrete Co.; and (6) JPB Properties, LLC, with James Bunker signing these documents both as a guarantor and a corporate representative of the "Merchant."   Contract No. XXX4102 was a <u>renewal</u> of Contract No. XXX2252.  This is a valid and enforceable contract.

101.   The Defendants who are parties to Contract No. XXX4102 materially breached a number its terms, including several of the representations, warranties, and covenants contained in the contract.

102.   Additionally, James Bunker has materially breached his guaranty obligations under this contract.

103.   Plaintiff and SFS have fully complied with all of its obligations under Contract No. XXX4102.

104.   As a direct and proximate result of the breaches of Contract Nos. XXX2252 and XXX4102, SFS has been damaged in an amount to be determined at trial but which exceeds $227,027, not including costs, attorney's fees, and interests from the date of default through entry of judgment herein, all of which Plaintiff is entitled to under Contract Nos. XXX2252 and XXX4102, and applicable law.

**COUNT THREE**
**(Breach of Contract XXX0622)**

105.   Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

106.   SFS entered into Contract No. XXX0622, attached hereto as <u>Exhibit 4</u>, with Midwest Poured Foundations, Inc., with James Bunker signing these documents

both as a guarantor and a corporate representative of Midwest Poured Foundations, Inc. This is a valid and enforceable contract.

107.   Midwest Poured Foundations, Inc. materially breached a number the terms of Contract No. XXX0622, including several of the representations, warranties, and covenants contained in that contract.

108.   Additionally, James Bunker has materially breached his guaranty obligations under this contract.

109.   Plaintiff and SFS have fully complied with all of their obligations under Contract No. XXX0622.

110.   As a direct and proximate result of those breaches, Plaintiff has been damaged in an amount to be determined at trial but which exceeds $61,885, not including costs, attorney's fees, and interests from the date of default through entry of judgment herein, all of which Plaintiff is entitled to under Contract No. XXX0622 and applicable law.

### COUNT FOUR
### (Breach of Contract XXX1352)

111.   Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

112.   DMF entered into Contract No. XXX1352, attached hereto as <u>Exhibit 5</u>, with:  (1) Falls Flatwork; (2) Genuine Builders, Inc.; (3) Genuine Builders, LLC; (4) Genuine Builders Concrete, LLC; (5) Southern Missouri Contracting, LLC; (6) JB Concrete Co.; (7) JPB Properties, LLC; and (8) Midwest Poured Foundations, Inc., with James Bunker signing these documents both as a guarantor and a corporate representative of the "Merchant."  This is a valid and enforceable contract.

113. The Defendants who are parties to Contract No. XXX1352 materially breached a number its terms, including several of the representations, warranties, and covenants contained in the contract.

114. Additionally, James Bunker has materially breached his guaranty obligations under this contract.

115. Plaintiff and DMF have fully complied with all of their obligations under Contract No. XXX1352.

116. As a direct and proximate result of those breaches, Plaintiff has been damaged in an amount to be determined at trial but which exceeds $341,945.00, not including costs, attorney's fees, and interests from the date of default through entry of judgment herein, all of which Plaintiff is entitled to under Contract No. XXX1352 and applicable law.

## COUNT FIVE
### (Breach of Contract XXX0182)

117. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

118. SFS entered into Contract No. XXX0182, attached hereto as Exhibit 5 with Waters Edge Concrete, LLC, and James Bunker signed this contract as both a guarantor and a corporate representative of Waters Edge Concrete, LLC. This is a valid and enforceable contract.

119. The Defendants who are parties to Contract No. XXX0182 materially breached a number its terms, including several of the representations, warranties, and covenants contained in the contract.

120. Additionally, James Bunker has materially breached his guaranty obligations under this contract.

121.    Plaintiff and SFS have fully complied with all of their obligations under Contract No. XXX0182.

122.    As a direct and proximate result of those breaches, Plaintiff has been damaged in an amount to be determined at trial but which exceeds $204,650.00, not including costs, attorney's fees, and interests from the date of default through entry of judgment herein, all of which Plaintiff is entitled to under Contract No. XXX0182 and applicable law.

## COUNT SIX
### (Promissory Estoppel)

123.    Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

124.    Defendants promised and agreed that, if Plaintiff advanced funds to Defendants, that Defendants would repay all amounts advanced by Plaintiff, as well as interest, late charges, fees (including attorney's fees), and other costs related to collection and enforcement of the promise.

125.    In reliance on Defendants' promises, Plaintiff advanced funds to Defendants in the amounts and at the times set forth above in the factual pleadings.

126.    Plaintiff's reliance on Defendants' promises were at all times reasonable, and justified.

127.    Such reliance by Plaintiff was reasonably foreseeable by each of the Defendants in light of, for example, the application process to obtain the financing and the Funding Calls with James Bunker that took place each time before Plaintiff disbursed funds to Defendants.  Further, such reliance was reasonable based on Defendants' part performance in making payments (for a period of time) as promised.

24

128.   Based on Defendants' promises, which induced Plaintiff to advance the funds discussed above to Defendants, justice and equity require that Defendants be estopped from denying their obligations to Plaintiff.

129.   Defendants have failed and refused to pay for all obligations owed to Plaintiff and, therefore, Defendants should be ordered to pay Plaintiff in the amount of at least $1,205,742, with the specific amounts attributable to each Defendant set forth in the factual pleadings above, plus interest and costs that have accrued and continue to accrue.

## COUNT SEVEN
### (Unjust Enrichment and Quantum Meruit)

130.   Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

131.   Defendants realized a benefit as a result of Plaintiff advancing funds to Defendants, but Defendants have not fully paid for those benefits.

132.   Defendants were aware of this benefit as demonstrated, for example, by the funds at issue being deposited in bank accounts that they owned or controlled, and also by the fact that Defendants then made payments to Plaintiff from bank accounts that they owned or controlled in partial payment of the amounts owed.  Further, James Bunker participated in Funding Calls prior to each transaction in which he agreed, on behalf of the Defendants, to pay for the financing his companies were receiving.

133.   Defendants have been and will be unjustly enriched at the expense of Plaintiff if they are allowed to keep, without compensation to Plaintiff the value received as a result of Plaintiff advancing funds to Defendants.

134.   It would be unjust and inequitable to allow Defendants to retain the benefit of the funds advanced to them without requiring full payment.

135. As a result of Defendants' unjustifiable failure to pay Plaintiff for amounts due and owing to it, Defendants have been unjustly enriched to the detriment of Plaintiff in the amount of at least $1,205,742, with the specific amounts attributable to each Defendant set forth in the factual pleadings above, plus interest and costs that have accrued and continue to accrue.

## COUNT EIGHT
## (Money Had And Received)

136. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

137. Genuine Builders, Inc.; Genuine Builders, LLC; Genuine Builders Concrete, LLC; Southern Missouri Contracting, LLC; JB Concrete Co.; and Jim Bunker Construction Co. owe Plaintiff $650,000 for money had and received from SFS on or about June 23, 2016, to be paid by those Defendants to Plaintiff.

138. Genuine Builders, Inc.; Genuine Builders, LLC; Genuine Builders Concrete, LLC; Southern Missouri Contracting, LLC; JB Concrete Co.; and JPB Properties, LLC owe Plaintiff $200,000 for money had and received from SFS on or about August 25, 2016, to be paid by those Defendants to Plaintiff.

139. Genuine Builders, Inc.; Genuine Builders, LLC; Genuine Builders Concrete, LLC; Southern Missouri Contracting, LLC; JB Concrete Co.; and JPB Properties, LLC owe Plaintiff $400,000 dollars for money had and received from SFS on or about October 18, 2016, to be paid by those Defendants to Plaintiff.

140. Midwest Poured Foundation, Inc. owes Plaintiff $60,000 for money had and received from SFS on or about November 15, 2016, to be paid by Midwest Poured Foundation, Inc. to Plaintiff.

141.    Falls Flatwork; Genuine Builders, Inc.; Genuine Builders, LLC; Genuine Builders Concrete, LLC; Southern Missouri Contracting, LLC; JB Concrete Co.; JPB Properties, LLC; and Midwest Poured Foundations, Inc. owe Plaintiff $300,000 for money had and received from DMF on or about December 2, 2016, to be paid by those Defendants to Plaintiff.

142.    Waters Edge Concrete, LLC owes Plaintiff $150,000 for money had and received from SFS on or about January 13, 2017, to be paid by Waters Edge Concrete, LLC to Plaintiff.

143.    Defendants should be ordered to pay Plaintiff in the amounts itemized above, collectively totaling at least $1,205,742, plus interest and costs that have accrued and continue to accrue.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment in its favor against Defendants as follows:

1.    Awarding Plaintiff a judgment against each of the Defendants in an amount greater than $75,000, the exact amount to be proven at trial;

2.    Awarding Plaintiff prejudgment interest;

3.    Awarding Plaintiff post-judgment interest on the judgment;

4.    Awarding Plaintiff its costs, disbursements and attorney's fees in bringing this action;

5.    Awarding Plaintiff such other damages and relief as the Court deems just and equitable.

Dated at Sioux Falls, South Dakota this $\underline{28}$ day of August, 2017.

DAVENPORT, EVANS, HURWITZ &
SMITH, L.L.P.

Eric C. Schulte
206 West 14th Street
P.O. Box 1030
Sioux Falls, SD 57101-1030
Telephone (605) 336-2880
Facsimile (605) 335-3639
  *Attorneys for Plaintiff*

28